UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| TRUSTEES OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 30 BENEFIT FUNDS and The INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 30,<br><br>                                 Plaintiffs,<br><br>     -against-<br><br>COVANTA ENERGY, LLC a/k/a COVANTA ENERGY a/k/a COVANTA ENERGY RESOURCE d/b/a COVANTA HUNTINGTON, LLC and COVANTA BABYLON, INC. and COVANTA PROJECTS, LLC a/k/a COVANTA PROJECTS, INC. d/b/a COVANTA BRISTOL, INC.,<br><br>                                 Defendantss. | Index No.: 23-4813<br><br>COMPLAINT |

---

Plaintiffs, Trustees of the International Union of Operating Engineers Local 30 Benefit Funds (hereinafter referred to as the "Funds") and the International Union of Operating Engineers, Local 30, (hereinafter referred to as the "Union") or (collectively referred to as "Plaintiffs") by their attorneys Barnes, Iaccarino & Shepherd LLP allege as follows:

## JURISDICTION AND VENUE

1. This action is based on the provisions of Section 301 of the Labor Management Relations Act of 1947 (hereinafter referred to as the "Taft-Hartley Act") 29 U.S.C. Section 185, and on Section 502(a)(3) and Section 515 of the Employee Retirement Income Security Act, as amended (hereinafter referred to as "ERISA") (29 U.S.C. Section 1132(a)(3) and 29 U.S.C. 1145).

2. Jurisdiction is conferred upon this Court by Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and Sections 502(e)(1) and 502(f) of ERISA (29 U.S.C. Sections 1132(e)(1) and 1132(f)); and derivative jurisdiction is contained in 28 U.S.C. Sections 1331 and 1337.

1

3. Venue properly lies in this District under the provisions of 502(e)(2) of ERISA (29 U.S.C. Section 1132(e)(2)) and Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and 28 U.S.C. Section 1391(b).

4. This action is brought by the respective Trustees of the Funds in their fiduciary capacities and the Union for monetary damages and other equitable relief under ERISA and for breach of a labor contract to secure performance by an employer of specific statutory and contractual obligations to timely submit required monetary contributions and/or reports to the Plaintiffs.

## PARTIES

5. The Plaintiffs' Trustees are, at all relevant times, the fiduciaries of jointly administered multi-employer, labor management trust funds as defined by Section 3(21)(A) and Section 502(a)(3) of ERISA (29 U.S.C. Sections 1002(21)(A) and 1132(a)(3)). The Funds are established and maintained by the Union and various Employers pursuant to the terms of the Collective Bargaining Agreements in accordance with Section 302(c)(5)(1) of the Taft-Hartley Act (29 U.S.C. Section 186 (c)(5)). The Funds are employee benefit plans within the meaning of Sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. Sections 1002 3(1), 3(2), 3(3) and 1132(d)(1)), and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. Sections 1002(37) and 1145). Plaintiffs are Trustees of the Funds and the "plan sponsor" within the meaning of Section (3)(16)(B)(iii) of ERISA (29 U.S.C. Section 1002(16)(B)(iii)).

6. The Funds provide fringe benefits to eligible employees, retirees and their dependents on whose behalf the employer is required to contribute to the Funds, pursuant to its Collective Bargaining Agreement (hereinafter referred to as the "C.B.A.") between the Employer and the Union. The Funds are authorized to collect in a timely fashion, benefit contribution on behalf of the employees employed

by the Employer, and the Plaintiff Trustees as fiduciaries of the Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. Section 1132(d)(1)) and are obligated to bring actions to enforce the provisions of the C.B.A that concern the protection of employee benefit rights.

7. The Funds' principal office is located and administered at 16-16 Whitestone Expressway, 5th floor, Whitestone, NY 11357, in the County of Queens.

8. The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. Section 142), and Section 3(4) of ERISA (29 U.S.C. Section 1002(4)), and as further defined in Section 12 of the General Associations Law of the State of New York.

9. The Union maintains an office and is administered at 16-16 Whitestone Expressway, 5th floor, Whitestone, NY 11357, in the County of Queens.

10. Upon information and belief, the Defendants, Covanta Energy, LLC a/k/a Covanta Energy a/k/a Covanta Energy Resource d/b/a Covanta Huntington, LLC (hereinafter referred to as "Covanta Huntington") and Covanta Babylon, Inc. (hereinafter referred to as "Covanta Babylon") and Covanta Projects, LLC a/k/a Covanta Projects, Inc. d/b/a Covanta Bristol, Inc. (hereinafter referred to as "Covanta Bristol) and (collectively hereinafter referred to as "the Employers" or "the Defendants") at all relevant times, were and are "employers" within the meaning of Sections 3(5), (11) and (12) and 515 of ERISA (29 U.S.C. Sections 1002(5), (11) and (12) and 1145) and were and are employers in an industry affecting commerce within the meaning of Section 301 and Section 2(2) of the Taft-Hartley Act (29 U.S.C. Section 185 and Section 152(2)). Defendants are Employers of employees covered by employee benefit plans and multiemployer plans maintained pursuant to the Agreement, all as defined in ERISA

3

3(3) and (37) and are parties in interest with respect to the employee benefit plans as defined in ERISA Section 3(14) (29 U.S.C. Section 1002(14) and are obligated to make contributions to the plans in accordance with ERISA Section 515, 29 U.S.C. Section 1145.

11. Upon information and belief, the Defendants, Covanta Energy, LLC a/k/a Covanta Energy a/k/a Covanta Energy Resource d/b/a Covanta Huntington, LLC is a for-profit domestic corporation with a place of business at 99 Town Line Road, East Northport, New York 11731; and Covanta Babylon, Inc. is a for-profit domestic corporation with a place of business at 135 Gleam Street. Babylon, New York 11704; and Covanta Projects, LLC a/k/a Covanta Projects, Inc. d/b/a Covanta Bristol, Inc., is a for-profit domestic corporation with a place of business at 170 Enterprise Drive, Bristol, Connecticut 06010, all with their main headquarters at 445 South Street, Morristown, NJ 07960, in the County of Morris.

## BACKGROUND

12. At all times relevant hereto, the Union and the Employers have been parties to a C.B.A., and the Employers have agreed to be bound by the terms and conditions thereof.

13. The C.B.A. and/or Trust Indentures adopted by the Funds, who are third party beneficiaries of the C.B.A., requires the Employers to submit contribution reports setting forth the hours that each of its employees worked and the amount of contributions due pursuant to the rate schedules set forth in the C.B.A. for all work performed by its employees covered by the C.B.A., and to remit such monetary contributions in accordance with the C.B.A. and Trust Indentures.

## CAUSES FOR RELIEF
## AS AND FOR A FIRST CLAIM FOR RELIEF
## (BREACH OF CONTRACT)

14. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "13" of this Complaint as if fully set forth at length herein.

4

15. Upon information and belief, as a result of work performed by the individual employees of the Defendants, pursuant to the C.B.A. there became due and owing to the Plaintiffs from the Defendants contribution reports and fringe benefit contributions.

16. The Defendants have failed and refused to remit to the Plaintiffs the contributions and/or union assessments and remittance reports due and owing under the C.B.A., as follow: Covanta Bristol in the principal sum of $12,056.21 for the period January 1, 2017 through to and including December 31, 2020, plus interest, liquidated damages, audit costs, attorneys' fees, and court costs and disbursements; Covanta Babylon in the principal sum of $13,340.21 for the period January 1, 2017 through to and including December 31, 2020 plus interest, liquidated damages, audit costs, attorneys' fees, and court costs and disbursements; Covanta Huntington, LLC in the principal amount of $1,651.24 for the period January 1, 2017 through to and including December 31, 2019 plus interest, liquidated damages, audit costs, attorneys' fees, court costs and disbursements.

17. These amounts described in Paragraph 16 above are due and owing to the Plaintiffs and are based upon audits that were conducted by the Plaintiffs pursuant to the C.B.A. and the Plaintiffs Trust Indenture labeled the Policy for Collection of Delinquent Contributions (hereinafter referred to as the "Policy").

18. The Defendants' failure, refusal or neglect to remit the proper contributions and/or reports to the Plaintiffs constitutes a violation of the C.B.A. between the Employers and the Union, wherein the Funds are third-party beneficiaries.

19. Pursuant to the C.B.A. and/or the Funds' Policy, upon the Defendants' failure to timely remit payment of fringe benefit contributions, the principal due shall be subject to interest and liquidated damages. In addition, if enforcement or collection procedures shall be commenced against an employer,

5

such employer shall be required to pay the reasonable cost of expenses including audit costs, attorney's fees, court costs and disbursements.

20. Accordingly, pursuant to the C.B.A. and Policy, the Defendants are liable to Plaintiffs for the following: Covanta Bristol in the principal sum of $12,056.21 for the period January 1, 2017 through to and including December 31, 2020, plus interest, liquidated damages, audit costs, attorneys' fees, and court costs and disbursements; Covanta Babylon in the principal sum of $13,340.21 for the period January 1, 2017 through to and including December 31, 2020 plus interest, liquidated damages, audit costs, attorneys' fees, and court costs and disbursements; Covanta Huntington, LLC in the principal amount of $1,651.24 for the period January 1, 2017 through to and including December 31, 2019 plus interest, liquidated damages, audit costs, attorneys' fees, court costs and disbursements.

## AS AND FOR A SECOND CLAIM FOR RELIEF
## UNDER ERISA

21. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in Paragraphs "1" through "20" of this Complaint as if fully set forth at length herein.

22. Section 515 of ERISA, (29 U.S.C. Section 1145) requires employers to pay fringe benefit contributions in accordance with the terms and conditions of the C.B.A.

23. The Defendants have failed to pay or timely pay the fringe benefit contributions and/or submit the contribution reports to Plaintiffs owed as a result of work performed by individual employees of the Defendants. Such failure to make timely payment constitutes a violation of Section 515 of ERISA (29 U.S.C. Section 1145).

24. Section 502 of ERISA (29 U.S.C. Section 1132) provides that upon a finding of an employer violation of Section 515 of ERISA (29 U.S.C. Section 1145), which requires employers to pay fringe benefit contributions in accordance with the terms and conditions of collective bargaining agreements, the Court shall award payment to a plaintiff's fund the unpaid fringe benefit contributions, plus

6

liquidated damages and interest on the unpaid principal amount due, together with audit costs, attorneys' fees, court costs and disbursements incurred in the action.

25. The failure to pay has injured the Funds by delaying the investment of contributions and causing unnecessary administrative costs for the Funds and has injured the participants and beneficiaries and other contributing employers of the benefit plan in the form of lower benefits and potentially higher contribution amounts.

26. Accordingly, the Defendants are liable to Plaintiffs under the C.B.A. and Policy concerning the payment of fringe benefit contributions under Sections 502 and 515 of ERISA (29 U.S.C. Sections 1132 and 1145) due to the failure to pay contributions when they are due.

27. Accordingly, the Defendants are liable to the Plaintiffs for the following: Covanta Projects, LLC a/k/a Covanta Projects, Inc. d/b/a Covanta Bristol, Inc. in the principal sum of $12,056.21 for the period January 1, 2017 through to and including December 31, 2020, plus interest, liquidated damages, audit costs, attorneys' fees, court costs and disbursements; Covanta Babylon, Inc. in the principal sum of $13,340.21 for the period January 1, 2017 through to and including December 31, 2020 plus interest, liquidated damages, audit costs, attorneys' fees, court costs and disbursements; Covanta Energy, LLC a/k/a Covanta Energy a/k/a Covanta Energy Resource d/b/a Covanta Huntington, LLC in the principal amount of $1,651.24 for the period January 1, 2017 through to and including December 31, 2019 plus interest, liquidated damages, audit costs, attorneys' fees, court costs and disbursements, pursuant to Section 502 of ERISA (29 U.S.C. Section 1132).

### AS AND FOR A THIRD CLAIM FOR RELIEF

28. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in Paragraphs "1" through "27" of this Complaint as if set forth at length herein.

29. Pursuant to ERISA, the C.B.A. and Policy, the Defendants are required to timely submit current fringe benefit contributions and reports to Plaintiffs.

30. During the course of the instant action, additional contributions may become due and owing. If Defendants fail to timely remit the contributions as part of this action, at the time of trial or judgment, whichever is later, those additional amounts should be included.

**WHEREFORE**, Plaintiffs respectfully pray for Judgment against Defendants, Covanta Energy, LLC a/k/a Covanta Energy a/k/a Covanta Energy Resource d/b/a Covanta Huntington, LLC and Covanta Babylon, Inc. and Covanta Projects, LLC a/k/a Covanta Projects, Inc. d/b/a Covanta Bristol, Inc., as follows:

On the First and Second Claims for Relief:

(a) As follows: Covanta Projects, LLC a/k/a Covanta Projects, Inc. d/b/a Covanta Bristol, Inc. in the principal sum of $12,056.21 for the period January 1, 2017 through to and including December 31, 2020, plus interest, liquidated damages, audit costs, attorneys' fees, court costs and disbursements; Covanta Babylon, Inc. in the principal sum of $13,340.21 for the period January 1, 2017 through to and including December 31, 2020 plus interest, liquidated damages, audit costs, attorneys' fees, court costs and disbursements; Covanta Energy, LLC a/k/a Covanta Energy a/k/a Covanta Energy Resource d/b/a Covanta Huntington, LLC in the principal amount of $1,651.24 for the period January 1, 2017 through to and including December 31, 2019 plus interest, liquidated damages, audit costs, attorneys' fees, court costs and disbursements, all in accordance with the Collective Bargaining Agreement and the Policy for Collection of Delinquent Contributions.

On the Third Claim for Relief:

(b) Damages in the amount of any additional contributions, which may become due and owing during the course of the instant action, which amount shall include the principal plus interest and liquidated damages.

On All Claims for Relief:

(c) For such other and further relief as to the Court deems appropriate.

Dated: Elmsford, New York
　　　　June 27, 2023

　　　　　　　　　　　　　　　　　　　　　Respectfully submitted,
　　　　　　　　　　　　　　　　　　　　　BARNES, IACCARINO & SHEPHERD LLP

　　　　　　　　　　　　　　　　　　　　　/s/Dana L. Henke__
　　　　　　　　　　　　　　　　　　　　　Dana L. Henke, Esq.
　　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiffs
　　　　　　　　　　　　　　　　　　　　　258 Saw Mill River Road
　　　　　　　　　　　　　　　　　　　　　Elmsford, New York 10523
　　　　　　　　　　　　　　　　　　　　　(914) 592-1515